LAURA E. DUFFY
United States Attorney
BRANDON J. KIMURA
Assistant U.S. Attorney
California State Bar No. 241220
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 546-9614
Brandon.Kimura@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 13CR470-GPC |
|---|---|---|
| Plaintiff, | ) ) ) | EX PARTE APPLICATION FOR AN IN CAMERA REVIEW OF GOVERNMENT DOCUMENTS |
| v. | ) ) | |
| LOURENCE DAPAR, | ) ) | |
| Defendant. | ) ) | |

The United States of America, by its undersigned attorney's, applies ex parte to the Court for an in camera review of United States' document.  In support thereof, the United States alleges the following:

STATEMENT OF FACTS

1. The document filed before this Court on April 16, 2013, case no. 13-cr-00470-GPC-2, document 41, is the Presentence Report ("PSR") for Defendant Christine Paz (Exhibit 1).

2. The United States believes that portions of the PSR are not discoverable as it does not fall under Rule 16 of the Federal Rules of Criminal Procedure, nor

does the document constitute <u>Brady</u>, <u>Henthorn</u>, <u>Giglio</u>, or Jenks Act Material.

3. In communication with Defendant's counsel, Gary Burcham, Mr. Burcham stated that he will request the release of the PSR at the May 3rd hearing before this Court.

4. The United States hereby respectfully requests this Court to make a determination as to whether the United States is required to discover the PSR for Defendant Paz to Defendant Dapar.

DATED: May 1, 2013

                Respectfully submitted,

                LAURA E. DUFFY
                United States Attorney

                BRANDON J. KIMURA
                Assistant United States Attorney
                Attorneys for Plaintiff
                United States of America
                Email: Brandon.Kimura@usdoj.gov

# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.   ) | **PRESENTENCE INVESTIGATION REPORT** |
| ) | |
| ) | **Docket No.:**   0974  3:13CR00470-002-GPC |
| PAZ, Christine   ) | |
| ) | |

**Prepared for:**   The Honorable Gonzalo P. Curiel
U.S District Judge

**Prepared by:**   Timothy B. Noggle
U.S. Probation Officer
San Diego, CA
(619) 557-6764
tim_noggle@casp.uscourts.gov

**Assistant U.S. Attorney**
Brandon James Kimura
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-9614
Brandon.Kimura@usdoj.gov

**Defense Counsel**
Kris J. Kraus, Fed. Defs., Inc. (appointed)
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467

**Sentence Date:**   May 17, 2013, at 8:30 a.m.

**Offense:**   8 U.S.C. § 1324(a)(2)(B)(iii), Bringing in Illegal Aliens Without Presentation, and 18 U.S.C. § 2, Aiding and Abetting, a Class C felony.

**Penalty:**   10 years' custody; 3 years' supervised release; $250,000 fine; and a $100 special assessment.

**Arrest Date:**   January 10, 2013

**Release Status:**   3/5/2013: Released on $10,000 P/S bond; 55 days presentence custody served.

**Detainers:**   See Pending Charges Section

**Codefendants:**   01) DAPAR, Lourence:  Jury trial scheduled for May 13, 2013.

PAZ, Christine                                                                                          2

---

### Identifying Data:



| | |
|---|---|
| **Date of Birth:** | May 12, 1985 |
| **Age:** | 27 |
| **Race:** | White |
| **Hispanic Origin:** | Hispanic origin |
| **Sex:** | Female |
| **Eye Color:** | Brown |
| **Hair Color:** | Brown |
| **Height:** | 5ft. 4in. |
| **Weight:** | 169 lbs. |
| | |
| **SSN#:** | 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 |
| **FBI#:** | 427660LB8 |
| **USM#:** | 37144-298 |
| **CII#:** | A12406447 |
| **CA/DL#:** | None |
| **ICE#:** | None |
| **PACTS#:** | 251217 |
| | |
| **Education:** | Sixth Grade |
| **Citizenship:** | United States |
| **Country of Birth:** | United States |
| **Place of Birth:** | Sun Valley, California |
| | |
| **Current Address:** | 8060 Cherrystone Avenue<br>Panorama City, California  91402 |
| | |
| **Legal Residence:** | 8060 Cherrystone Avenue<br>Panorama City, California  91402 |
| | |
| **Alias(es):** | Montez, Christina<br>Paz, Brianna<br>Paz, Christina<br>Paz, Christine Marie |
| | |
| **Alternate IDs:** | Birthdate: 5/12/83<br>CA/ID: D5436808 |

***Restrictions on Use and Redisclosure of Presentence Investigation Report.*** Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

PAZ, Christine                                                                3

This presentence report has taken into consideration the statutory factors listed at 18 U.S.C. § 3553(a) and the advisory sentencing guidelines.

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1. On February 6, 2013, a two-count indictment was filed in the Southern District of California charging Lourence DAPAR and Christine PAZ in <u>Count One</u> with 8 U.S.C. § 1324(a)(2)(B)(ii), Bringing in Illegal Aliens for Financial Gain; and in <u>Count Two</u> with 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, Bringing in Illegal Aliens Without Presentation and Aiding and Abetting.

2. On March 5, 2013, PAZ pleaded guilty to count two of the indictment.

### The Offense Conduct

3. The following information was obtained from a review of the discovery material provided by the Assistant United States Attorney (AUSA). The case agent was also contacted for comment.

4. On January 10, 2013, DAPAR applied for admission into the United States from Mexico at the San Ysidro, California, Port of Entry. He was the driver of a 2002 Dodge Ram 1500 truck, and was accompanied by PAZ and a minor child, Hannah Dapar (age four). Because the vehicle entered through the Secured Entry for Travelers Rapid Inspection (SENTRI) lanes, and the occupants were not members of the SENTRI program, the vehicle was referred to the secondary inspection area. Upon further inspection of the vehicle, inspectors discovered an individual concealed under the rear seat. The individual, identified as Eleacer Ramirez-Alvarez, was determined to be a citizen of Mexico with no documents to enter the United States.

5. Following her arrest, PAZ said that she and DAPAR were each going to receive payment of $500 for bringing a person (Ramirez-Alvarez) into the United States.

6. Following her arrest, DAPAR invoked her right to counsel and did not provide a statement. DAPAR's child was released to a family member.

7. The material witness stated that a male instructed him to get under the rear seat of the truck. He was to pay a fee of between $2,000 and $5,000 to be smuggled into the U.S. and transported to Los Angeles, California.

8. According to the case agent, the vehicle was registered in PAZ' name, and according to the agent, she arranged for the smuggling venture. It was the agent's belief that the defendant's role was more substantial than that of DAPAR. The area in which the alien was placed was a modified storage space under the rear seat, with a portion of the seat hollowed out to allow more space. However, the agent said PAZ was seated on the rear seat with the child. Therefore, the alien was trapped under the seat and would have been unable to free himself if need be.

PAZ, Christine                                                                                                          4

---

### Pretrial Supervision Adjustment

9.  According to the defendant's pretrial supervision officer in the Central District of California, PAZ has maintained compliance with her conditions of pretrial release. On March 19, 2013, the pretrial officer conducted a home inspection at the residence the defendant shares with her sister. The home was determined to be appropriate. Currently, PAZ is unemployed and is not searching for employment due to her need to care for her children.

### Defendant's Statement of the Offense

10. On March 20, 2013, PAZ was interviewed by the undersigned at the U.S. Probation Office in San Diego, California. The interview was conducted in English and in the presence of defense counsel.

11. Upon advisement of defense counsel, PAZ adopted the factual basis from the plea agreement as her statement of the offense. Defense counsel also advised her not to discuss her motivation for participating in the offense. PAZ apologized for her involvement and said she knows it was wrong. She added, "We're not all perfect."

### Offense Level Computation

12. The 2012 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG § 1B1.11.

13. Base Offense Level: The guideline for bringing in illegal aliens without presentation and aiding and abetting is found at USSG § 2L1.1(a)(3), which establishes a base offense level of 12.                                                                          **12**

14. Specific Offense Characteristics: If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, an increase to level 18 is assessed, pursuant to USSG § 2L1.1(b)(6). PAZ and her codefendant transported an individual hidden under the rear seat of a truck. The individual was not wearing a seat belt and was positioned in such a way which was extremely dangerous had the truck been involved in an accident. Further, PAZ and the child were seated on top of the rear seat, thereby trapping the alien underneath. As such, the increase to level 18 is appropriate.                                                                                                                                **18**

15. Adjustment for Role in the Offense: Although PAZ was a passenger in the vehicle, when arrested she told agents she was to be paid $500 for her participation in the smuggling offense, the same amount as DAPAR. The defendant's role does not appear to have been any less culpable than her codefendant. Also, there is no information regarding any other possible participants which may clarify the roles of PAZ and DAPAR. Therefore, no role adjustment is recommended pursuant to USSG §§ 3B1.1 or 3B1.2                                   **0**

PAZ, Christine                                                                 5

---

| | | |
|---|---|---|
| 16. | According to USSG § 3B1.4, a two-level increase is assessed if a minor was used to avoid detection of, or apprehension for the offense. In the vehicle with PAZ and DAPAR was a minor child. However, there is no information to suggest the child was brought along in order to avoid being detected or apprehended for committing the offense. Therefore, the increase will not be assessed. | **0** |
| 17. | <u>Adjusted Offense Level</u>: | **18** |
| 18. | <u>Adjustment for Acceptance of Responsibility</u>: The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). | **-2** |
| 19. | Based on the government's stated intention of bringing a formal motion at sentencing, the additional one-level reduction for acceptance of responsibility is recommended pursuant to USSG § 3E1.1(b). | **-1** |
| 20. | <u>Total Offense Level:</u> | **15** |

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

21. Unless otherwise indicated, the defendant was represented by defense counsel or waived attorney representation for the following convictions/adjudications.

    ### Sources of Information

22. Computer clearances were conducted through the FBI, CII, California Department of Motor Vehicles (DMV), courts and law enforcement agencies. Relevant documents were requested and are referenced for the following entries.

23. Upon advisement of defense counsel, the defendant did not discuss her criminal history.

    ### Juvenile Adjudication(s)

24. None known.

PAZ, Christine                                                                                           6

---

### Adult Criminal Conviction(s)

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 25. | 3/7/04 (Age 18) | 11377(a) H&S, Possession of Controlled Substance (meth.). Los Angeles, CA, PD | Los Angeles Co. Sup. Crt. (San Fernando), Case No. 4SF01239 3/9/04: P/G (misd.), 3 yrs. prob., judg. deferred, PC 1000 diversion. 4/25/05: Deferred judg. term., B/W issued. 5/2/05: 6 days' jail, diversion reinst. 10/14/05: Judg. set aside per 1000.3 PC, case dism. | 4A1.1(c) 4A1.2(f) | <u>1</u> |

26. PAZ was arrested with others who were believed to be selling narcotics. One of them was found in possession of rock cocaine. When searched, the defendant was found in possession of .50 grams of methamphetamine and $202 in cash. When questioned, PAZ said she was "holding the drugs for a friend."

27. Adjustment to Supervision: Automated court records do not provide specific details regarding the defendant's adjustment to probation; however, it appears diversion was initially terminated after she failed to appear for a review hearing.

| | | | | | |
|---|---|---|---|---|---|
| 28. | 2/19/08 (Age 22) | 484(a) PC, Theft. Los Angeles, CA, PD | Los Angeles Co. Sup. Crt. (San Fernando), Case No. 8SR00965 3/11/08: Nolo cont. (misd.), 5 days' jail, 2 yrs. prob. 9/11/08: FTA, prob. rvkd., B/W issued. 2/23/09: Prob. term., 4 days' jail. | 4A1.1(c) | <u>1</u> |

29. PAZ stole numerous items, valued at approximately $100, from a Wal-Mart store.

30. <u>Adjustment to Supervision</u>: Automated court records do not provide specific details regarding the defendant's adjustment to probation.

PAZ, Christine                                                                                     7

| 31. | 11/19/11 (Age 26) | 666(A) PC, Petty Theft w/ Priors. Los Angeles, CA, PD | Los Angeles Co. Sup. Crt. (Van Nuys), Case No. LA06946201 12/2/11: P/G (felony), 365 days' jail, 3 yrs. prob. | 4A1.1(b) | **2** |

32. The defendant stole a Dewalt cordless drill, valued at $318, from a Home Depot store.

33. <u>Adjustment to Supervision</u>: According to PAZ's supervising probation officer in Los Angeles County, a warrant will be requested based on her arrest in the instant offense.

## Criminal History Computation

34. The criminal convictions listed above result in four criminal history points.                                **4**

35. Pursuant to USSG § 4A1.1(d), two points are added because the instant offense was committed when the defendant was on probation in Case No. LA06946201.       **+2**

36. The total criminal history score is six.                                                                     **6**

37. According to the Sentencing Table (USSG Ch.5, Pt.A), a criminal history score of six establishes a Criminal History Category III.                            **III**

## Other Law Enforcement Contacts

38. On June 8, 1999, PAZ was contacted by officers with the Los Angeles Police Department (LAPD). She provided false information and was arrested. Rap sheet information indicates the case was petitioned and detained; however, there is no further information.

39. On January 4, 2001, LAPD officers responded to a call of a woman who had been assaulted and was being treated by paramedics. The victim, Maria Corona, said she was confronted by the defendant, the defendant's sister (Reyna Rios), and the defendant's mother (Mary Paz). After the four engaged in an argument, Mrs. Paz directed the defendant to "take care of business." PAZ then struck the victim in the head with a brick, causing the victim to lose consciousness. After the victim regained consciousness, Reyna Rios punched the victim twice in the head. The victim then fled on foot and called 911. The victim suffered a laceration on the back of her head and was hospitalized. She was 16 weeks pregnant at the time. Although PAZ admitted to hitting the victim with a brick, she said they were involved in a mutual fight. PAZ, her sister, and mother were all arrested for assault with a deadly weapon. A disposition for this arrest could not be located.

40. On January 19, 2010, PAZ was arrested by the LAPD for commercial burglary. Arrest reports indicate she stole an Ipod from a liquor store employee. The defendant had her children with her as she reached over a counter and took the Ipod. Following her arrest, PAZ admitted to stealing the device and said she was poor and did not have enough money to buy her own Ipod. There is no known disposition for this arrest.

41. On August 9, 2010, the defendant and her boyfriend, Hugo Montana-Urbina, were arrested for theft. The two stole nearly 40 containers of baby milk and formula, valued at over $600, from a Target store. Montana-Urbina, who admitted to officers he was a gang member, said he and PAZ knew of someone who paid money for the baby milk and formula. They planned to sell the items to earn money. The defendant admitted to the same.

**Pending Charges**

42. On August 1, 2010, PAZ was cited for driving without a license, failure to provide evidence of financial responsibility, and no registration. On December 16, 2010, she was ordered to pay a fine in Los Angeles Superior Court (Van Nuys), Case No. A179790; however, she failed to pay the fine and the matter remains outstanding.

43. The defendant was on probation in Case No. LA06946201 when she committed the instant offense. As previously noted, PAZ's supervising probation officer in Los Angeles County indicated a warrant will be requested based on her arrest in the instant case.

## PART C. OFFENDER CHARACTERISTICS

44. The following information was provided by the defendant and corroborate by her sister, Rosalie Paz, unless otherwise indicated.

**Personal and Family Data**

45. PAZ was born on May 12, 1985, in Sun Valley, California. She is the youngest of seven children born from the union of Manuel and Mary Paz (nee Montez). Mr. Paz died "a few years ago" from colon cancer. Mrs. Paz (age 52) resides in La Puente, California, and is a homemaker. Mr. and Mrs. Paz were married for approximately 25 years, and remained married until Mr. Paz' death.

46. The defendant's siblings are Elaine, Reina, Manuel, Rosalie, Christopher, and Crystal (the defendant's twin sister). PAZ was unable to accurately provide the ages for her siblings, but said her oldest sibling is 35 years old. All of the defendant's siblings reside in Los Angeles County, with the exception of Manuel, who lives in Las Vegas, Nevada. PAZ was unable to provide the occupations for her siblings with the exception of Manuel, who is a cook. She was also aware that Reina is a homemaker, and Rosalie is unemployed.

47. PAZ has lived her entire life in Los Angeles County, and currently resides in Panorama City, with her sister, Reina. If she serves any term of incarceration, the defendant plans to resume living with her sister upon her release.

48. Although never married, PAZ has four children from three relationships. The defendant declined to provide the names or other information regarding the fathers of her children, but said she has no contact with any of them and they do not provide financial assistance for their children. PAZ' children are Alex (age 12) and Breana (age 10), who have the same father; and Jesse (age 7) and Liliana (born March 2013). The defendant had Alex

when she was 15 years of age and Liliana was born while PAZ was in custody. Currently, all four children reside with the defendant. Her sister, Reina, reportedly has guardianship of all four children, which occurred after PAZ was incarcerated in this case. If she is ordered to serve more time in custody, Reina will care for the defendant's children.

### Physical Condition

49. PAZ reported no history of health issues and is not prescribed medication.

50. Upon advisement of defense counsel, the defendant did not discuss possible scars, marks or tattoos. According to multiple arrest reports, the defendant has "Christine" tattooed on the middle finger of her left hand.

### Mental and Emotional Health

51. According to the defendant, she has no history of mental or emotional health issues.

### Substance Abuse

52. Upon advisement of defense counsel, PAZ did not discuss any possible substance abuse history. The defendant's sister, Rosalie, said she knew nothing of PAZ ever using controlled substances.

### Educational, Vocational and Special Skills

53. PAZ completed the sixth grade at Sepulveda Middle School, in North Hills, California. She was enrolled in the seventh grade when she became pregnant with her first child. The defendant reported no history of special education. The defendant's sister corroborated this information.

### Employment Record

54. For the past eight or nine years, PAZ has received government assistance via Medi-Cal, Aid for Dependent Children (AFDC), and food stamps. She receives $580 per month from AFDC for two children, and $400 per month in food stamps.

55. PAZ' most recent employment was at a Jack in the Box restaurant in North Hollywood (verification pending). She earned $8.15 per hour and worked there for approximately 45 days.

56. Prior to the above, PAZ was employed at "Steakhouse," a restaurant in San Fernando, California. As a cook she earned $8.45 per hour (unverified as a listing could not be found).

57. The defendant reported no other employment history.

PAZ, Christine                                                                                           10

---

### Financial Condition: Ability to Pay

58. Currently, the defendant is unemployed and receives government assistance to support herself and her four children. PAZ receives $580 per month from AFDC and $400 per month in food stamps. Although she is not required to pay rent at her sister's home, the defendant reported that she uses all of the government benefits on food and basic living expenses. She said she does not have money left over after each month. PAZ reported no assets, liabilities, or other financial information.

59. Given her dependence on government benefits, lack of education, and lack of employment experience, it does not appear PAZ would have the ability to pay a fine.

## PART D. SENTENCING OPTIONS

The guideline options are advisory pursuant to <u>United States v. Booker</u>.

### Custody

60. <u>Statutory Provisions</u>: The maximum term of imprisonment is ten years. 8 U.S.C. § 1324(a)(2)(B)(iii).

61. <u>Guideline Provisions</u>: Based on a total offense level of 15 and a Criminal History Category III, **the guideline range for imprisonment is 24 to 30 months.**

### Supervised Release

62. <u>Statutory Provisions</u>: If a sentence of imprisonment is imposed, a term of not more than three years supervised release is authorized. 18 U.S.C. § 3583(b)(2).

63. <u>Guideline Provisions</u>: If a sentence of imprisonment of one year or less is imposed, a term of supervised release of at least one year but not more than three years is optional. Supervised release is required if the sentence exceeds one year. USSG §§ 5D1.1(a) and(b), and 5D1.2(a)(2). The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment. USSG § 5D1.1(c).

### Probation

64. <u>Statutory Provisions</u>: The defendant is eligible for not less than one nor more than five years' probation by statute. 18 U.S.C. § 3561(c)(1). Because the offense is a felony, the statute requires that one of the following be imposed as a condition of probation: make restitution, give notice to victims of the offense pursuant to 18 U.S.C. § 3555, or reside, or refrain from residing, in a specific place or area, unless extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the other conditions set forth under subsection (b). 18 U.S.C. § 3563(a)(2).

Case 3:13-cr-00470-GPC   Document 48   Filed 05/02/13   Page 14 of 17
Case 3:13-cr-00470-GPC   Document 41   Filed 04/16/13   Page 11 of 14

PAZ, Christine                                                                                          11

65.   Guideline Provisions: Because the minimum of the guideline range is ten months or more, the defendant is not eligible for probation. USSG § 5B1.1, comment. (n.2).

**Fine**

66.   Statutory Provisions: The maximum fine is $250,000. 18 U.S.C. § 3517(b)(3).

67.   Guideline Provisions: Based on a total offense level of 15, the guideline range of the fine is $4,000 to $40,000  USSG § 5E1.2.

**Impact of Plea Agreement**

68.   Based on the written plea agreement, the parties have agreed to the following advisory guideline calculations:

|   |   |   |
|---|---|---|
| 1. | Base Offense Level, USSG § 2L1.1(a)(3) | 12 |
| 2. | Prior Immigration Felony, USSG § 2L1.1(b)(3) | 0 |
| 3. | Acceptance of Responsibility, USSG § 3E1.1(a) | -2 |

69.   There is no agreement as to the defendant's criminal history category.

70.   The parties will respectively recommend that the defendant be sentenced to the low end of the advisory guideline range as calculated by the parties, pursuant to this agreement.

71.   The defendant may not request additional adjustments or departures and sentence reductions under 18 U.S.C. § 3553.

### PART E. FACTORS THAT MAY WARRANT DEPARTURE

72.   None.

### PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

73.   There appear to be no factors under 18 U.S.C. § 3553(a) which would warrant a sentence outside of the advisory guideline range.

### PROBATION OFFICER'S ANALYSIS/JUSTIFICATION

74.   **In analyzing this case and formulating a recommendation, the probation officer has considered the advisory sentencing guidelines and pertinent policy statement(s) issued by the Sentencing Commission in effect on the date of sentencing, along with the factors listed at 18 U.S.C. § 3553(a).**

75.   Before the Court is 27-year-old Christine PAZ who pleaded guilty to bringing in illegal aliens without presentation, and aiding and abetting. Upon advisement of defense counsel, the defendant did not discuss her motivation for participating in this offense;

76. however, at the time of her arrest, she told agents she expected to be paid $500 to assist in smuggling the alien into the United States.

76. PAZ completed only six years of education and reportedly dropped out of the seventh grade when she became pregnant. The defendant has never married, but has four children from three relationships. The fathers of her children apparently provide no form of support. The defendant has relied upon government assistance to provide for herself and her children for many years. PAZ has virtually no employment history to speak of, and she lacks in education and marketable skills.

77. Upon advisement of defense counsel, PAZ did not discuss a possible substance use history; however, she does have one prior conviction for possession of narcotics (2004). She currently resides with her sister and does not contribute for rent. Given her young age, the defendant has a fairly sizeable criminal history, primarily consisting of theft-related offenses. Unfortunately it appears the defendant lacks the desire to be a contributing member of society. Instead she appears to feel entitled to take the property of individuals and businesses, remain reliant on financial support from the government, and has escalated to committing federal felony offenses such as the instant matter.

78. The custodial guideline range is 24 to 30 months. A sentence of 24 months' custody would be sufficient, but not greater than necessary to address her conduct, and such a sentence meets the purposes of sentencing pursuant to 18 U.S.C. § 3553(a). Care of her children during a period of incarceration does not appear to be a factor, as PAZ indicated her sister (who has guardianship) is available to provide for their care.

79. A two-year term of supervised release is recommended, with the special conditions noted below.

## SENTENCING RECOMMENDATION

### Custody

| | | |
|---|---|---|
| 80. | Statutory Maximum: | 10 years |
| 81. | Guideline Range: | 24 to 30 months |
| 82. | Recommendation: | 24 months |

### Supervised Release

| | | |
|---|---|---|
| 83. | Statutory Maximum: | 3 years |
| 84. | Guideline Range: | 1 to 3 years |
| 85. | Recommendation: | 2 years |

Case 3:13-cr-00470-GPC   Document 48   Filed 05/02/13   Page 16 of 17
Case 3:13-cr-00◯◯◯-GPC   Document 41   Filed 04/16/◯◯   Page 13 of 14

PAZ, Christine                                                                                   13

---

### Recommended Conditions of Supervision

86. That the defendant abide by the mandatory and standard conditions of supervision and the following condition(s):

   1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer.

   2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

   3. Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

### Fine

| | | |
|---|---|---|
| 87. | Statutory Maximum: | $250,000 |
| 88. | Guideline Range: | $4,000 to $40,000 |
| 89. | Recommendation: | -0- |
| | Special Assessment | $100 |

Respectfully Submitted,

DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

By: *[signature]*

Timothy B. Noggle
U.S. Probation Officer

Reviewed and Approved:

*[signature]*

David E. Dilbeck
Supervising U.S. Probation Officer
April 16, 2013

PROB 2A SD

# SENTENCING SUMMARY CHART

USPO __x__
AUSA ____
DEF  ____

Defendant's Name: PAZ, Christine                        Docket no. 0974 3:13CR00470-002-GPC

Guideline Manual Used:   November 1, 2012          Agree with USPO Calculations:

Base Offense Level:   (Drug Quantity, if Applicable:   Bringing in illegal aliens without presentation and aiding and abetting; USSG § 2L1.1(a)(3)  )   12

Specific Offense Characteristics:

Substantial risk; USSG § $2L1.1(b)(6)                                       18

Use of a Minor; USSG § 3B1.4                                                 0

Victim Related Adjustment:                                                  ____

Adjustment for Role in the Offense:                                           0

Adjustment for Obstruction of Justice:                                      ____

Adjustment for Reckless Endangerment During Flight:                         ____

Adjusted Offense Level:                                                      18

☐ Combined (Multiple Counts)   ☐ Career Offender   ☐ Armed Career Criminal

Adjustment for Acceptance of Responsibility:                                 -3

Total Offense Level:                                                         15

Criminal History Score:                                                       6

Criminal History Category:                                                  III

☐ Career Offender            ☐ Armed Career Criminal

Guideline Range:                                              from   24
(Range limited by:  ☐ minimum mandatory   ☐ stat maximum)       to    30   mths

Departures:

None                                                                        ____

Resulting Guideline Range:                                   from   ____
                                                               to   ____   mths